### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| **LOUIS MICHAEL COUCH, Individually**<br>**and as the Independent Executor of the**<br>**Estate of Donna Whitted Couch,**<br>**JENNIFER ANN LONGWAY, and**<br>**JESSICA DALE GRAHAM,** | §<br>§<br>§<br>§<br>§<br>§ | |
| *Plaintiffs,* | §<br>§ | |
| **VS.** | §<br>§ | **Civil Action No. _____** |
| **PILGRIM'S PRIDE CORPORATION,** | §<br>§<br>§ | |
| *Defendant.* | § | **Jury Trial Demanded** |

## PLAINTIFFS' ORIGINAL COMPLAINT

COME NOW LOUIS MICHAEL COUCH, Individually, and as the Independent Executor of the Estate of Donna Whitted Couch, JENNIFER ANN LONGWAY, and JESSICA DALE GRAHAM (collectively referred to herein as "Plaintiffs"), and file this their Original Complaint against Defendant, PILGRIM'S PRIDE CORPORATION (referred to herein as "Defendant"), and for their causes of action would show as follows:

### I. NATURE OF THE SUIT

1.      This suit arises from a motor vehicle collision which occurred on October 23, 2012 in Camp County, Texas, causing severe injuries and the death of Donna Whitted Couch.

### II. JURISDICTION AND VENUE

2.      Jurisdiction is proper pursuant to 28 U.S.C. §1332 because there is a complete diversity between the parties and the amount in controversy is greater than $75,000.00, excluding interest and costs.

---

3.     Venue is proper pursuant to 28 U.S.C. §1391(a)(2) because the events made the basis of this action occurred within this judicial district.

### III. THE PARTIES

4.     Plaintiff Louis Michael Couch is a natural person domiciled and residing in Titus County, Texas. He is the surviving spouse of Donna Whitted Couch and the Independent Executor of the Estate of Donna Whitted Couch. Jennifer Ann Longway and Jessica Dale Graham are the biological daughters of Donna Whitted Couch, Deceased, who are domiciled and residing in Parker County, Texas. Prior to her death, Donna Whitted Couch was domiciled and resided in Titus County, Texas.

5.     Defendant Pilgrim's Pride Corporation is a Delaware corporation. Defendant Pilgrim's Pride Corporation has its principal place of business in Greeley, Colorado. Pilgrim's Pride Corporation was doing business in Texas at the time of the occurrence in question. Pilgrim's Pride Corporation may be served with process by serving its registered agent for service, CT Corporation System, at 350 N. St. Paul St., Ste. 2900, Dallas, Texas 75201-4324.

### IV. FACTUAL BACKGROUND COMMON TO ALL CLAIMS

6.     Plaintiffs' claims arise out of a horrific motor vehicle wreck that occurred in Camp County, Texas, on or about October 23, 2012. At approximately 4:30 a.m., Daniel Louis Heath, an employee and/or agent of Defendant Pilgrim's Pride Corporation, was driving a large Mack 18-wheeler truck hauling a trailer southbound on U.S. Highway 271 in Camp County, Texas. As Heath was approaching his intended left turn onto County Road 1240, he missed his intended turn and proceeded to stop his truck and/or travel past his intended turn by driving so slowly as to impede the normal and reasonable movement of traffic. Donna Whitted Couch, also traveling in her vehicle in

a southward direction on Highway 271, and crashed into the back of the stopped and/or unreasonably slow-moving Pilgrim's Pride trailer. She died as a result of severe injuries suffered in the crash and resulting fire.

7.      The trailer Daniel Heath was towing had reflective tape on its rear that was covered by dirt or other agents which degraded its reflectivity.

8.      At the time of the occurrence, Heath was employed at Pilgrim's Pride and was acting in the course and scope of his employment with Pilgrim's Pride.

9.      As a result of the occurrence in question described herein, Donna Whitted Couch suffered severe injuries and death.

10.      Plaintiffs allege that Pilgrim's Pride's employee, Heath, had a duty to act as a reasonable and prudent commercial motor vehicle operator would have acted under the same or similar circumstances and to exercise ordinary care. Plaintiffs allege Heath breached such duties during the occurrence in question by committing various negligent acts and/or omissions including, but not limited to:

      a.      driving so slowly as to impede the normal and reasonable flow of traffic;

      b.      driving at an unsafe speed;

      c.      failing to inspect the reflective tape on the rear of the trailer;

      d.      failing to clean the reflective tape on the rear of the trailer;

      e.      failing to move into the right-hand lane while driving at an unreasonably slow rate of speed;

      f.      failing to activate flashing hazard lights on the rear of the trailer while driving at an unreasonably slow rate of speed;

      g.      driving inattentively;

h.    failing to signal and/or giving the wrong signals;

i.    failing to yield the right-of-way to Mrs. Couch traveling at a normal rate of speed;

j.    failing to conduct a pre-trip inspection of the truck, trailer, and reflective tape; and/or

k.    parking in a lane of traffic.

11.    Each of the above acts and/or omissions of Heath, singularly and cumulatively, constitutes negligence and was a proximate cause of the occurrence in question and the resulting injuries and damages sustained by Donna Whitted Couch, Deceased, and the Plaintiffs.

## V. CLAIMS AGAINST PILGRIM'S PRIDE

12.    At all relevant times, Pilgrim's Pride was the owner of the subject Mack 18-wheeler and the trailer in question, as well as the employer of Heath. Further, Heath was acting within the course and scope of his employment with Pilgrim's Pride at the time of the occurrence in question.

13.    Plaintiffs allege Pilgrim's Pride is vicariously liable to the Plaintiffs based on the doctrine of *respondeat superior*. That is, Pilgrim's Pride is liable to Plaintiffs by virtue of the negligent conduct of its driver, Heath, as described above. Further, each of the above negligent acts and/or omissions on the part of Pilgrim's Pride's employee, Heath, singularly and cumulatively were a proximate cause of the occurrence in question and the resulting injuries and damages sustained by Donna Whitted Couch, Deceased, and the Plaintiffs' damages.

14.    Plaintiffs further allege the conduct of Pilgrim's Pride constitutes gross negligence. That is, when viewed objectively from the standpoint of Pilgrim's Pride, such acts and omissions involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Pilgrim's Pride had actual, subjective awareness of the risk involved, but nevertheless

proceeded with a conscious indifference to the rights, safety and welfare of others. As such, Plaintiffs are entitled to recover exemplary/punitive damages as allowed by law for this conduct.

## VI. DAMAGES ON ALL CLAIMS

### Wrongful Death Damages

15.     Plaintiffs, Louis Michael Couch, Individually, and as the Independent Executor of the Estate of Donna Whitted Couch, Jennifer Ann Longway, and Jessica Dale Graham, bring these causes of action pursuant to Chapter 71 of the TEXAS CIVIL PRACTICE & REMEDIES CODE as wrongful death beneficiaries and heirs of the Estate of Donna Whitted Couch, Deceased.

16.     Louis Michael Couch is the surviving spouse of Donna Whitted Couch. Jennifer Ann Longway and Jessica Dale Graham are the surviving daughters of Donna Whitted Couch, Deceased.

17.     The Plaintiffs have suffered the loss of Donna Whitted Couch and seek recovery for damages to the fullest extent allowable by law as wrongful death beneficiaries pursuant to Chapter 71 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE. The Plaintiffs seek a Judgment against the Defendant for any and all wrongful death damages which the law allows, both past and future, including, but not limited to:

      a.      Pecuniary loss (meaning the loss of the care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value that the Plaintiffs, in reasonable probability, would have received from Donna Whitted Couch had she lived);

      b.      Loss of companionship and society (meaning the loss of the positive benefits flowing from the love, comfort, companionship, and society that the Plaintiffs, in reasonable probability, would have received from Donna Whitted Couch had she lived);

      c.      Mental anguish (meaning the emotional pain, torment, and suffering experienced by the Plaintiffs because of the death of Donna Whitted Couch); and

d.     Loss of inheritance (meaning the loss of the present value of the assets that Donna Whitted Couch, in reasonable probability, would have added to the Estate and left at the natural death of Donna Whitted Couch).

## Survival Damages

18.     Plaintiffs, Louis Michael Couch, Individually, and as the Independent Executor of the Estate of Donna Whitted Couch, Jennifer Ann Longway, and Jessica Dale Graham also bring a survival cause of action pursuant to Chapter 71 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE on behalf of the Estate of Donna Whitted Couch and/or the heirs at law of Donna Whitted Couch.

19.     Plaintiffs seek recovery of damages to the fullest extent allowable by law for survival cause of action owned by the Estate of Donna Whitted Couch, pursuant to Chapter 71.021 of the TEXAS CIVIL PRACTICE & REMEDIES CODE. Plaintiffs seek a judgment against the Defendant for any and all survival damages allowable by law including, but not limited to:

a.     Pain and mental anguish (meaning the conscious physical pain and emotional pain, torment, and suffering experienced by Donna Whitted Couch before her death as a result of the occurrence in question); and

b.     Funeral and burial expenses (meaning the reasonable amount of expenses for funeral and burial for Donna Whitted Couch reasonably suitable to her station in life).

20.     Plaintiffs will continue to suffer from these injuries for the rest of Plaintiffs' lives and seek compensation for such future damages.

21.     Plaintiffs seek personal injury damages in amounts the Court or jury deems to be fair and reasonable consisting of the following:

a.     wrongful death damages and survival damages allowable by law;

b.     past and future physical pain and mental anguish;

c.     past and future health and mental care expenses; and

       d.      any other actual or compensatory damages allowable by law.

22.     Plaintiffs also seek exemplary/punitive damages as a result of the gross negligence described above, and if the Court or jury so finds, Plaintiffs seek an amount deemed to be fair and reasonable.

## VII. COSTS AND INTEREST

23.     Plaintiffs also seek recovery for all costs of court.

24.     Plaintiffs seek pre-judgment and post-judgment interest in the maximum amounts allowed by law.

## VIII. PRAYER

25.     Plaintiffs pray the Defendant be cited to appear herein and answer, and upon final hearing, Plaintiffs be awarded a judgment against the Defendant for actual or compensatory damages (past and future) as set forth above and/or to the fullest extent allowed by law and which the jury deems to be fair and reasonable in an amount in excess of the minimum jurisdictional limits of the Court; exemplary or punitive damages as described above in an amount the jury deems to be fair and reasonable; costs of court; pre-judgment and post-judgment interest at the highest lawful rates until the judgment is satisfied in full; and for such other and further relief at law and in equity, to which the Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**THE LAW OFFICES OF**
**FRANK L. BRANSON, P.C.**

**FRANK L. BRANSON**
Texas Bar No. 02899000
E-Mail: flbranson@flbranson.com
**THOMAS J. FARMER**
Texas Bar No. 06826400
E-Mail: tjfarmer@flbranson.com
Highland Park Place
4514 Cole Avenue, Suite 1800
Dallas, Texas 75205
Telephone: (214) 522-0200
Facsimile:  (214) 521-5485

**LANGDON DAVIS, L.L.P.**
**BRENT M. LANGDON**
Texas Bar No. 11902250
E-Mail: blangdon@ldatty.com
**KYLE B. DAVIS**
Texas Bar No. 24031995
E-Mail: kdavis@ldatty.com
5902 Summerfield, Suite A
Texarkana, Texas 75505-5547
Telephone: (903) 223-3246
Facsimile:  (903) 223-5227

**WARD & SMITH LAW FIRM**
**T. JOHN WARD**
Texas Bar No. 20848000
Email: tjw@wsfirm.com
**BRUCE A. SMITH**
Texas Bar No. 18542800
Email: bsmith@wsfirm.com
Post Office Box 1231
Longview, Texas 75606
Telephone:     (903) 757-6400
Facsimile:     (903) 757-2323

*ATTORNEYS FOR PLAINTIFFS*